*J. Ryman*, for the appellee.

----

### GRIMES *v.* McANINCH.

The assignment of a promissory note imports a sufficient consideration, and *prima facie* divests the payee of all interest in the note.

The defendant, in a suit by the assignee, may show that the suit is prosecuted for the payee's benefit; but the circumstances that the payee, after he had assigned the note, had it in his hands for the purpose of demanding payment, and placed it in the hands of an attorney to be sued on, do not sustain the inference that he is the real party in interest, or that the suit is prosecuted for his use.

APPEAL from the *Hamilton* Court of Common Pleas.

DAVISON, J.—The complaint in this case is upon two

promissory notes, each for the payment of 100 dollars.
to one *Joseph McAninch*, who, by indorsements, assigned
them to the appellee, who was the plaintiff.

The answer alleges, *inter alia*, that the notes were given
in part consideration for a house and lot, and also a tan-
yard, having in its vats a quantity of stock and leather,
which the defendant, at the time they were given, pur-
chased of *Joseph McAninch*, the payee and assignor, who,
well knowing that said stock was unsound and in bad
order, falsely represented it to be sound and in good order;
that said payee warranted the stock in the vats to be
sound, when in truth, &c., it was unsound, &c.  It was
further alleged that the notes were assigned without con-
sideration, and that the assignor is the party having the
beneficial interest in this suit.

Issues being made, the cause was submitted to a jury,
who found for the plaintiff.  New trial refused, and judg-
ment.

The record shows that *Joseph McAninch*, the assignor,
and his wife, were introduced by the plaintiff as witnesses.
Their testimony on the trial, was in direct conflict with
the defense set up in the answer.  And, amongst other
things, the former testified that he assigned the notes to
the plaintiff, who is his (witness's) father, for a valuable
consideration; took them to *Hamilton* county to demand
payment for the assignee, and placed them in the hands of
an attorney to be sued on, and has since given some at-
tention to the case.  Upon this testimony the defendant
moved the following instructions:.

"If the jury believe that the assignment was made to
the plaintiff with the design to enable *Joseph McAninch*
and his wife to be witnesses, and was not a *bona fide* sale
of the notes, this suit is, in reality, prosecuted for the use
of *Joseph McAninch*, and the jury should disregard his evi-
dence.

"If the jury find that after *Joseph McAninch* made the
assignments, he still retained the notes in his possession;
that he came to *Hamilton* county for the purpose of col-

May Term,
1857.

GRIMES
v.
McANINCH.

lecting them; that he employed counsel to bring suit upon them; and there is no proof that the plaintiff ever had the notes in his possession; and there is no explanatory evidence; the jury should find that *Joseph McAninch* is the beneficial owner of the notes, and reject his testimony, and also the testimony of his wife."

These instructions were refused, and their refusal raises the only question in the case.

In the abstract, these instructions may be correct; but the record presents no evidence tending to prove the facts which they hypothetically assume. The assignment itself imports a sufficient consideration, and, *prima facie*, divests the payee of all interest in the notes. True, it was competent for the defense to show that the suit was prosecuted for the payee's benefit; but we have referred to all the testimony which, in any degree, relates to the transfer of the notes, and it will at once be seen that that testimony furnishes no ground upon which to rest the instructions. Indeed, it proves that the assignments were made upon a valuable consideration. And the mere circumstances that the payee had the notes in his hands after he had assigned them, for the purpose of demanding payment for the plaintiff, and placed them in the hands of counsel to be sued on, afford no legitimate inference that he was the real party in interest, or that the suit was prosecuted for his use. And there being no evidence, either direct or circumstantial, that the suit was so prosecuted, the ruling of the Court must be sustained.

*Per Curiam.*—The judgment is affirmed with 6 per cent. damages and costs.

*H. C. Newcomb* and *J. S. Harvey*, for the appellant.

*W. Garver*, for the appellee.